# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION

In re:       Case No. 11-51330-SCS

    Carter's Grove, LLC,      Chapter 11
    Debtor.

---

OBJECTION TO THE THIRD INTERIM AND FINAL APPLICATION OF
FOLEY & LARDNER LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION CO-COUNSEL
FOR CARTER'S GROVE, LLC FOR THE INTERIM PERIOD
FROM FEBRUARY 1, 2012 THROUGH JUNE 23, 2013
AND FOR THE FINAL PERIOD FROM JUNE 15, 2011 THROUGH JUNE 23, 2013

---

Judy A. Robbins, the United States Trustee for Region Four, by counsel, objects to the third interim and final application of Foley & Lardner LLP ("Foley") for compensation and the reimbursement of expenses as special litigation co-counsel for the debtor, filed June 3, 2013 at docket entry 407 ("Application"). In support of her objection, the U.S. Trustee states:

1. On April 4, 2012, the U.S. Trustee, acting on the Order of this Court, appointed a chapter 11 trustee to take over the debtor's estate. As of that date, Foley, though still counsel for the debtor, was no longer counsel for a debtor-in-possession with the powers of a trustee. Accordingly, Foley's efforts in this case after that date are not the proper subject of this Court's review and approval for payment out of the estate pursuant to 11 U.S.C. §§327(e) and 330. These sections concern professionals representing trustees (debtors-in-possession, in cases under chapter 11), and do not pertain to counsel for a debtor who is not in possession of its estate. *Lamie v. U.S. Trustee*, 540 U.S. 526, 124 S.Ct. 1023, (2004) (affirming denial of application for

Debera F. Conlon, Esq., AUST, VSB No. 20837
Cecelia A. Weschler, Esq., VSB No. 28245
Kenneth N. Whitehurst, III, Esq., VSB No. 48919
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, VA 23510
(757) 441-6012

compensation of debtor's counsel for work performed for debtor after conversion from chapter 11 to chapter 7, dispossessing debtor of his estate); *In re: Pro-Snax Distributors, Inc.*, 157 F.3d 414, 425-26 (5th Cir. 1998) (affirming denial of fees to debtor's counsel sought for work performed after appointment of chapter 11 trustee).

2. In its Application, Foley seeks $5,218 in fees and $1817.82 in costs for work performed for the debtor after April 4, 2012.

3. Foley's efforts on behalf of the debtor after the appointment of the chapter 11 trustee were not made on behalf of the estate, but of the debtor itself. At that point in the case, the debtor was no longer a debtor-in-possession. Foley's work after April 4, 2012 cannot be the subject of a motion under 11 U.S.C. §330, because it was no longer employed by the estate.

4. Foley's request for fees incurred after April 4, 2012 should be denied.

5. In light of the proposed settlement the Chapter 11 Trustee has reached with the active parties in this case, the U.S. Trustee does not object to the remainder of Foley's Application. *See* Docket Entry 418.

WHEREFORE, the U.S. trustee respectfully requests entry of an Order denying the Application in part as set forth above, and for such other relief as the Court deems appropriate and just.

Respectfully submitted,

Judy A. Robbins,
United States Trustee for Region Four

By: /s/ Kenneth N. Whitehurst, III
Debera F. Conlon
Assistant United States Trustee

Kenneth N. Whitehurst, III
Trial Attorney

**CERTIFICATE OF SERVICE**

       I certify that on July 16, 2013, service of the foregoing on all attorney Users in this case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09.

                                       /s/ Kenneth N. Whitehurst, III
                                       Kenneth N. Whitehurst, III

.

.